## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL, <br>                 Plaintiff, <br><br> v. <br><br> CAMPBELL TRANSPORTATION COMPANY, INC., <br>                 Defendant. | 2:12-cv-1344 |

### MEMORANDUM ORDER

July 25th, 2014

       This discovery dispute centers on CTC's desire to have Plaintiff examined by a vocational expert, Patricia Costantini, under Fed. R. Civ. P. 35. Plaintiff does not object the examination *per se*. Rather, he has conditioned his attendance on the receipt of certain assurances from Defense counsel, namely that counsel agree "to produce Costantini's report, one which includes her opinions as Rule 35(b)(2) requires, and to do so at the time CTC's expert reports are due on July 31, 2014 (not two years later), to do so at CTC's cost, and to produce the report regardless of whether CTC intends to call Ms. Costantini as an expert." Counsel for CTC has refused to provide the requested assurances, on the basis that Rule 35 "does not provide for preemptive action such as that demanded by counsel for Plaintiff."

       The Court agrees with CTC. Nothing in the language of Rule 35 or the case law and commentary interpreting the rule suggests that one party can condition attendance at an examination on the other party's assurance that it will comply with the Rules exchange-of-reports requirement. Simply put, it is assumed that the parties will comply with their discovery obligations, and the specter of sanctions is intended to ensure compliance. Thus, the Court is not going to *require* CTC's counsel to make the assurances requested by Plaintiff's counsel. If Plaintiff's counsel continues to refuse to make his client available for the examination, then the

Court, upon motion by CTC, will *order* that Plaintiff be made available for the scheduled exam.[1]

On the other hand, if Plaintiff requests a copy of the report regarding Ms. Costantini's "findings, including diagnoses, conclusions, and the results of any tests" and CTC does not comply with such request, the Court, upon timely motion by Plaintiff, will *order* CTC to furnish the report, regardless whether Ms. Costantini will be called to testify as a witness at trial. *See* Fed. R. Civ. P. 35(b)(1) and (5). Furthermore, the Court recognizes the concerns of Plaintiff's counsel regarding the potentiality of gamesmanship – for example, requiring Plaintiff to submit to an interview that turns out to be unfavorable for CTC and then prevailing upon Ms. Costantini to not prepare a report of the examination. The Court will not condone that sort of behavior. While the Court cannot order Ms. Costantini, a non-party, to prepare a report, CTC certainly has an implied duty to ensure that she does if requested by Plaintiff – and it is clear that a request will be forthcoming. "Should [she] fail to prepare a report, [Plaintiff] may file a motion in this Court for such other relief as the Court may find is then warranted." *Salvatore v. Am. Cyanamid Co.*, 94 F.R.D. 156, 159 (D.R.I. 1982). Not only could Ms. Costantini be precluded from testifying at trial (assuming that CTC intends to designate her as an expert who will testify at trial), but also "[s]erious sanctions" may result if the Court finds that CTC "collusively obtained" Ms. Costantini's failure to prepare a report in order to keep her findings from Plaintiff. *Id.* at 158 n.3; Fed. R. Civ. P. 35(b)(5).

To reiterate, the parties must go forward with the Rule 35 examination on Monday, July 28, 2014 as originally agreed upon. Full compliance with ***all of the requirements*** of Rule 35 is expected, including the requirement that a detailed report of the Ms. Costantini's findings be made available to Plaintiff upon his request and ***on or before July 31, 2014*** – the cut-off date for

---

1. The Court recognizes that if it comes to this, CTC may need an extension of time within which to serve its expert reports, which are currently due by July 31, 2014.

the disclosure of CTC's expert reports. Failure to comply with that requirement may result in the imposition of appropriate sanctions.

**SO ORDERED**, this 25th day of July, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:     **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com