# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL, <br> Plaintiff, <br><br> v. <br><br> CAMPBELL TRANSPORTATION COMPANY, INC., <br> Defendant. | 2:12-cv-1344 |

## MEMORANDUM ORDER

Now pending before the Court is PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PART OF THE TESTIMONY AND REPORT OF GARY R. SKOOG, PH.D., AND DEFENDANT CAMPBELL TRANSPORTATION COMPANY, INC.'S ACTIVE AND TERMINATED EMPLOYEE SPREADHSEETS (ECF No. 79), along with a brief in support (ECF No. 80). Defendant has filed a BRIEF IN OPPOSITION (ECF No. 93) to the motion. Accordingly, it is ripe for disposition. Plaintiff raises two separate arguments, which will be addressed *seriatim*.

1. **Reliability of Dr. Skoog's Testimony**

In his report, Dr. Skoog opined that Plaintiff would cease working as a deckhand in his late 40s or early 50s, even though the Skoog-Ciecka-Krueger worklife expectancy tables, of which he is a co-author, indicate that Plaintiff would have worked until approximately age 59. To make that determination, Dr. Skoog reviewed two databases provided by Defendant – one that included information about all active deckhands and one that included information about all terminated deckhands. The first database indicated that seven of 57 active deckhands were in their 40s, while only two were in their 50s and only one has 20 years or more of service. The second database indicated that none of CTC's deckhands had ever retired as a deckhand. In Dr.

1

Skoog's view, "those data suggest that working as a deckhand is different from the typical career job that one holds from their middle 20s or 30s until they retire. Consequently, this is one of the exceptions to the general use of the Skoog-Ciecka-Krueger [worklife expectancy tables]." Skoog's Rep. at 4, ECF No. 70-2. Thus, Dr. Skoog "interpret[ed] the results of the SCK tables differently from their use in typical cases . . . suggest[ing] a range of possible additional years it would be likely that Mr. Newill may have spent as a deckhand," though he did not pin down "a particular number of years." *Id.*

Plaintiff moves to preclude Dr. Skoog from opining as to Plaintiff's worklife expectancy at trial, on the basis that his opinion and the spreadsheets on which it is based are unreliable. Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony if the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Whenever a party seeks to admit expert testimony, the district court must make an initial preliminary determination "under Fed. R. Evid. 104(a), that the requirements of Fed. R. Evid. 702 have been met." *Magistrini v. One Hour Martinizing Dry Cleaning*, 68 F. App'x 356, 356 (3d Cir. 2003) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)). The court's role is that of a gatekeeper – it must "'ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable.'" *Id.* (quoting *Daubert*, 509 U.S. at 589).

There are several factors a court should consider in determining reliability. *See In re TMI Litigation*, 193 F.3d 613, 664-65 (3d Cir. 1999). In applying those factors, the court must be

mindful that "the inquiry envisioned by Rule 702 is . . . a flexible one." *Daubert*, 509 U.S. at 595. "The focus . . . must be solely on principles and methodology, not on the conclusions they generate." *Id.* Expert testimony should, therefore, be admitted so long as the expert has "good grounds for his or her conclusion." *Heller v. Shaw Industries, Inc.*, 167 F.3d 146, 152-53 (3d Cir. 1999) (citation omitted). To that end, the court "must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." *Id.* (citation omitted). After doing so, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Plaintiff argues that Dr. Skoog's reliance on the spreadsheets provided by Defendant was not a reliable way to calculate worklife expectancy, as he did not independently verify their accuracy, compare them to data for the industry as a whole, or come up with a margin of error. Plaintiff also argues that the data, themselves, are incomplete, as they do not indicate what time period is covered, whether the employees worked as deckhands before joining CTC, and whether the employees continued working as deckhands after leaving CTC. The Court disagrees. As one district court in this Circuit has explained, "'[a]n expert's assumption that a person's work-life expectancy will be a certain length and use of that assumption in calculating that person's loss of future earnings does not make the expert's testimony inadmissible under *Daubert*. Instead, the evidence is admissible and subject to vigorous cross-examination.'" *Weirich v. Horst Realty Co., LLC*, No. CIV. A. 07-CV-871, 2009 WL 920960, at *7 (E.D. Pa. Mar. 30, 2009) (quoting *Lee v. U.S. Taekwondo Union*, No. 04–461, 2006 WL 5240611, at *4 (D. Haw. Jan. 26, 2006)). This result is required in light of "the Third Circuit's command that the reliability prong under Rule 702 is 'is not that high' a hurdle to overcome." *Id.* (quoting *TMI Litigation*, 193 F.3d at 665). As

for Plaintiff's argument about the reliability of the spreadsheets, the Court agrees with Defendant that this argument goes to weight and not admissibility. *United States v. Salko*, No. 1:07-CR-0286, 2008 WL 4682804, at *3 (M.D. Pa. Oct. 22, 2008) ("Mere weakness in the factual basis of an opinion bears on the weight of the evidence, not its admissibility."). Plaintiff is at liberty to attempt to dismantle the factual foundation of Dr. Skoog's opinion on cross-examination.

Plaintiff also argues that the spreadsheets and, in turn, Dr. Skoog's testimony based on the spreadsheets, should be excluded from evidence because Defendant failed to comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A)(ii). This argument is misguided. As Defendant points out, Fed. R. Civ. P. 26(a)*(2)* – and not 26(a)*(1)* – governs expert disclosures. Under that rule, "the facts and data" considered by an expert in forming an opinion must be disclosed "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In this case, Defendant was required to disclose its expert reports on or before July 31, 2014, and it fully complied with the Court's order, disclosing, *inter alia*, that it would be offering the testimony of Dr. Skoog. Dr. Skoog's report, filed that same day, expressly indicated that he relied on the "databases" provided by Defendant in assessing his worklife expectancy. Moreover, prior to Dr. Skoog's deposition, Defendant disclosed all of the raw information it provided to Dr. Skoog to Plaintiff, and Dr. Skoog was questioned at length about the data. This is the precise sequence envisioned by the Federal Rules.

In sum, the Court concludes that Dr. Skoog's opinion as to Plaintiff worklife expectancy as a deckhand is reliable. Also, Plaintiff has not shown that Defendant failed to comply with its discovery obligations as to the spreadsheets underlying Dr. Skoog's opinion. Thus, Plaintiff's motion is **DENIED** insofar as it seeks to preclude Dr. Skoog from opining as to Plaintiff's worklife expectancy.

### 2. Testimony Regarding Offset for Maintenance Payments

Second, Plaintiff argues that Dr. Skoog should be precluded from testifying that payments for maintenance may be credited against an award for past lost wages. The Court agrees. *See Shaw v. Ohio River Co.*, 526 F.2d 193, 200 (3d Cir. 1975) (explaining that "there is no basis for crediting [] earned wages against the vessel owner's maintenance obligation"); *Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992) (citation omitted) (concluding that "maintenance pay may not be deducted from an award for past lost wages). Accordingly, this aspect of the motion is **GRANTED**.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com