IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL,<br>Plaintiff,<br><br>v.<br><br>CAMPBELL TRANSPORTATION COMPANY, INC.,<br>Defendant. | )<br>)<br>)<br>)  2:12-cv-1344<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Now pending before the Court is DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING WITH RESPECT TO THEIR "SUPPLEMENTAL" REPORTS (ECF No. 81), and Plaintiff's response thereto (ECF No. 92). In the motion, Defendant argues that Plaintiff should be barred from introducing testimony at trial related to reports prepared by Plaintiff's experts Samuel Schropp ("Schropp") and Donal Kirwan ("Kirwan") and disclosed on September 17, 2014. More specifically, Defendant contends, these reports either raised issues that were not addressed in the two experts' initial reports, disclosed in June, or were intended to rebut Defendant's own expert reports. Thus, in Defendant's view, they must be excluded as improper "supplements" to the initial reports.

The Court finds Defendant's argument to be misguided. First of all, Defendant's argument seems to presuppose that supplemental reports are permitted under the Federal Rules but rebuttal experts are not. Not so. Parties have a duty "to supplement their expert reports, both under the Rules of Civil Procedure and the dictates of sound scientific practice." *Hartle v. Firstenergy Generation Corp.*, 7 F. Supp. 3d 510, 517 (W.D. Pa. 2014) (citing Fed. R. Civ. P. 26(e)(2)). Supplementation in this sense means "correcting inadvertent errors or omissions.'" *Id.* (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and*

1

*Procedure* § 2049.1). Rebuttal reports, however, are also expressly contemplated by the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (explaining that parties may rely upon expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)"). Thus, there is nothing inherently wrong with the challenged reports, which either directly rebut the opinions of some of Plaintiff's experts or, in the case of Kirwan, correct errors or omissions in his previous report.

There remains, however, a question about whether the reports were timely. Unless otherwise specified by court order, rebuttal expert reports must be disclosed within thirty days of the other party's expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). This Court's Second Amended Case Management/Scheduling Order did not specifically address the issue of rebuttal experts, so under Fed. R. Civ. P. 26(a)(2)(D)(ii), Plaintiff had until August 30, 2014, to make his disclosures. Although Plaintiff's rebuttal expert reports were not filed until September – some two weeks after that deadline – the Court finds that this "misstep was not fatal." *Bowman v. Colomer*, No. 09–1083, 2011 WL 3812583, at *1 (W.D. Pa. Aug. 29, 2011). As Judge Ambrose explained in *Bowman* when she addressed a similar set of circumstances:

> under Federal Rule of Civil Procedure 37(c)(1), when 'a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [that party] shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness or information not so disclosed. To determine whether the exclusion of evidence is appropriate, the court should consider a number of factors, including: (1) the prejudice or surprise of the party against whom the evidence is sought to be admitted; (2) the ability of the party to cure that prejudice; (3) whether permitting the admission of the evidence would disrupt the orderly and efficient trial of the case; and (4) whether the party acted in bad faith or willful defiance of a court order.

*Id.* Upon consideration of those factors, Judge Ambrose refused to strike a rebuttal expert report disclosed two week's beyond the Rule's 30-day deadline. *Id.* As she explained, the defendants received the report five months before trial; thus, the defendants were not prejudiced by the

plaintiff's delay, as they had ample time to depose the expert *Id.* Moreover, there was no indication that the expert's testimony would disrupt the trial or evidence of bad faith on the part of the plaintiff. *Id.* Accordingly, Judge Ambrose denied the defendant's motion. *Id.*

In this case, there is even less reason to bar the proffered rebuttal expert reports than in *Bowman*. Defendant knew that Schropp and Kirwan would be testifying experts in this case, as they were identified in Plaintiff's Fed. R. Civ. P. 26(a)(2)(B) disclosures. Defendant also received the rebuttal reports four months before the trial date and, in fact, prior to deposing these expert witnesses. Thus, it can hardly be said that Defendant was prejudiced by the delay. Nor will permitting Schropp and Kirwan to testify as to the content of their rebuttal reports add to the length of the trial, as these witnesses are testifying on other matters and the content of the rebuttal reports makes up only a small portion of their testimony. Finally, there is no evidence of bad faith. Therefore, despite the fact that Plaintiff's rebuttal reports were not disclosed until after the 30-day window had elapsed, that failure was harmless and Plaintiff will be permitted to rely upon these two reports at trial. Defendant's motion is hereby **DENIED**.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com