**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS JAMES NEWILL,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **2:12-cv-1344** |
| **CAMPBELL TRANSPORTATION COMPANY,** | ) |
| **INC.,** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**MEMORANDUM ORDER**

Now pending before the Court is Defendant's MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM ARGUING COAMING HEIGHT, HANDRAILS, GUNWALE WIDTH, AND NONSKID MATERIALS AT TRIAL (ECF No. 82), and Plaintiff's response thereto (ECF No. 100). Defendant seeks to bar Plaintiff from introducing any evidence "concerning or related to theories asserted in his First Amended Complaint that CTC was negligent or that the accident barge was unseaworthy because of the height of the barge's coamings, the lack of handrails, the width of the barge's gunwales, or the absence of nonskid material on the gunwales." Def.'s Mot. at 10, ECF No. 82. Upon consideration of the arguments raised by the parties as to each of these four issues, the Court concludes that Defendant's motion is without merit – with one exception – as explained more fully below.

**1.      Height of Coamings**

First, according to Defendant, there is no evidence that the purportedly low coamings contradicted industry standards or rendered the barge unseaworthy, so Plaintiff should not be permitted to pursue this theory at trial. This argument completely misses the mark. Plaintiff's theory is not that the low coamings, themselves, are enough to establish negligence or unseaworthiness. What he is claiming is that the 15-inch coamings rendered the barge unsafe

because they were not fitted with a handrail. The report and testimony of Plaintiff's liability expert, Samuel Schropp, is entirely consistent with this theory. The Court, therefore, finds no basis to preclude him from offering this testimony at trial, and this portion of the motion is **DENIED**.

### 2.    Absence of Handrails

Second, Defendant contends that Schropp should be prohibited from testifying that the absence of a handrail on top of the coamings rendered the barge unsafe. To support this request, Defendant raises two arguments. First, Defendant argues that Schropp lacks a factual basis for his "handrail theory," as he testified that he had never seen a stumbo barge with a handrail in operation (though he had seen such handrails on non-stumbo barges being repaired in shipyards). Second, Defendant argues that allowing Schropp's to testify as to his observation of non-stumbo barges with handrails in shipywards would effectively circumvent this Court's ruling about the inapplicability of 29 C.F.R. § 1915.73, which requires that handrails be installed under certain circumstances when ships are being repaired. Neither of these arguments is convincing.

Defendant has cited no authority in support of its first contention, and the Court's independent research has failed to uncover any basis for requiring an expert to have personally observed a safety device in operation before being able to opine that the device's absence renders a vessel unsafe. As Plaintiff argues, the whole industry might be negligent or found to be operating unseaworthy vessels because of the absence of handrails, so the fact that Schropp has never seen them installed on barges cannot be fatal to Plaintiff's theory of liability. Schropp's failure to have seen these types of handrails in operation might go to his credibility as an expert or possibly shed light on the industry standard or whether installing handrails was feasible (which, in turn, is relevant to establishing negligence and unseaworthiness). It does not, however,

categorically preclude Plaintiff from arguing that the absence of handrails rendered Defendant's conduct negligent and the barge unseaworthy. *Cf. Pure Oil Co. v. Snipes*, 293 F.2d 60, 71 (5th Cir. 1961) ("True, no specific word testimony was offered that on some other rig the tank tops generally had a rail. Evidence was received, however, that such a rail would have been easily installed at little expense. This was not a matter necessarily requiring expert testimony.").

Defendant's second argument fares no better. "If a plaintiff seeks to prove a defective condition by showing that the vessel lacked a specific safety device or that alternative equipment would have been safer, the plaintiff must bear the burden of showing that the alternative equipment or method is feasible, i.e., that it is truly an alternative." *Janes v. Alaska Railbelt Marine, LLC*, 309 P.3d 867, 881 (Alaska 2013). Thus, insofar as Schropp's testimony regarding the collapsible handrails goes to the feasibility of installing them on barges, it must be allowed, and Defendant's motion is **DENIED** on this issue. Plaintiff will, however, be held to his representation that he will not attempt to interject any argument about the OSHA shipyard regulations, which this Court has previously held are inapplicable in this case.

### 3. Gunwale Width

Defendant next suggests that Plaintiff should be barred from arguing that the 34-inch gunwales rendered the barge an unsafe work place because he has not adduced expert testimony that shows that the gunwales contradict industry standards. However, as Plaintiff points out, this argument suffers from two fatal flaws. First, expert testimony about industry standards is not required to establish negligence or unseaworthiness and neither is it dispositive when it is offered as evidence on those issues. *See Salem v. U.S. Lines Co.*, 370 U.S. 31, 37 n.6 (1962) (citations omitted) ("Nor would expert testimony about customary equippage be essential; nor, even if offered, would it have concluded the questions of unseaworthiness or negligence."). In fact,

expert testimony is not required at all to establish negligence or unseaworthiness "'if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation.'" *Id.* at 35. Second, even assuming that expert testimony is required on these points, Schropp did, in fact, testify that he believes the 34-inch gunwales rendered the barge unsafe and contributed to Plaintiff's injury. As the Court understands his report, he will testify that the 34-inch gunwales are at times obstructed with tripping hazards and that timberheads also obstruct some portions of the gunwales, thereby reducing the walkable area. These factors, together with the absence of a handrail on top of the coamings, render the barge unsafe, in his view. There is no sound basis for prohibiting him from offering this opinion to the jury, and this part of Defendant's motion is **DENIED**.

### 4. Use of Non-Skid

Lastly, Defendant contends that Plaintiff should be prevented from arguing at trial that the lack of non-skid material on the gunwales contributed to his fall. Indeed, Defendant argues, Plaintiff's own expert testified in his deposition that there was no connection between the lack of a non-skid surface and Plaintiff's injury. For his part, Plaintiff concedes that the lack of a non-skid surface did not, by itself, cause his fall. He nonetheless argues that Defendant's failure to apply non-skid material to the surface of the gunwales is relevant to show Defendant's "poor safety culture . . . which contributed to cause [his] accident." Pl.'s Resp. at 9, ECF No. 100. Plaintiff also submits that testimony related to the use of non-skid material is relevant to undermine the credibility of Defendant's liability expert, who testified that it is not industry practice to use such materials and that the use of such material can actually cause accidents,

rather than prevent them.

On this point, the Court agrees with Defendant. Since Plaintiff admits that lack of "non-skid" was not a factor in his fall, admitting testimony on this issue would run the risk of confusing the jury and misleading it into deciding the case on an improper basis. Moreover, accusing the Defendant of having a bad safety culture on totally unrelated matters is tantamount to attempting to besmirch Defendant's "character" for safety – i.e., because Defendant has not taken certain unrelated safety precautions at some point in the past and has a reputation as an unsafe company, it must be responsible for Plaintiff's fall. Such evidence cannot be allowed under Rule 404. Thus, this aspect of Defendant's motion is **GRANTED**.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:     **Frederick B. Goldsmith, Esquire**
        Email: fbg@golawllc.com
        **E. Richard Ogrodowski, Esquire**
        Email: ero@golawllc.com

        **Dennis A. Watson, Esquire**
        Email: dwatson@grogangraffam.com
        **Ruth M. Gunnell, Esquire**
        Email: rgunnell@grogangraffam.com
        **George M. Evan, Esquire**
        Email: gevan@grogangraffam.com