IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL,<br>Plaintiff,<br><br>v.<br><br>CAMPBELL TRANSPORTATION COMPANY, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>) 2:12-cv-1344<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Now pending before the Court is DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PARTICULAR TESTIMONY BY PLAINTIFF'S EXPERT SAMUEL SCHROPP (ECF No. 83), and Plaintiff's response thereto (ECF No. 99). Defendant requests that Schropp be prohibited from offering testimony on several issues, since, in Defendant's view, his opinions on these issues are not based on sufficient facts or data. To wit, Defendant claims Schropp should be barred from testifying: "(1) that CTC is not a 'reputable' company," (2) that Plaintiff was essentially forced to work on what he believed to be unsafe working conditions, (3) [about] today's customs in the industry in the area, (4) [about] the creation of the Responsible Carrier Program, and (5) that CTC's expert Gary Skoog is incorrect in his analysis of the average work-life expectancy of deckhands." Def.'s Mot. at 2, ECF No. 83. Defendant further argues that "Schropp's opinions of ultimate fact based on credibility determinations that he is unqualified to make should also be precluded from trial." *Id.* Each challenged portion of Schropp's proposed testimony will be addressed *seriatim*.

1. **Opinions as to CTC's Reputation**

The Court agrees that Schropp should not be permitted to testify that CTC is not a "reputable" company or anything to that effect. This amounts to inadmissible character evidence.

1

*Cf. Thalji v. TECO Barge Line*, No. 5:05CV-226-R, 2007 WL 7702719, at *2 (W.D. Ky. July 13, 2007) (prohibiting liability expert from opining that the defendant-company "always had an industry reputation and operational philosophy of placing employee safety and equipment maintenance as their top operating priorities"). That is not to suggest that Schropp cannot testify as to industry custom and practice and compare/contrast Defendant's practices with those of the industry, at large. However, in doing so, he cannot refer to some companies as "reputable" or "top-line," while suggesting that others, such as Defendant, are "not reputable." Thus, Defendant's motion is **GRANTED** with respect to this issue.

2. **Opinions on Refusing to Work in Unsafe Conditions**

The Court finds that Schropp's testimony about whether Plaintiff would have, in effect, been quitting his job had he refused a direct order is properly supported by his experience in the industry. Thus, he is permitted to offer testimony on this issue at trial, and this portion of the motion is **DENIED**. Any weaknesses in his testimony on this point can be adequately addressed through cross-examination. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

3. **Customs in the Towing Industry on the Monongahela River**

The Court agrees with Plaintiff that Defendant's argument on this point is off base. Nowhere in Schropp's report does he opine on the customs or practices on the Monongahela River. It was Defense counsel who first raised the issue during Smith's deposition. Since it does not appear that Smith intends to testify about industry custom or practice, it is irrelevant whether he is qualified to offer such testimony, and Defendant's motion is **DENIED**.

#### 4. Responsible Carrier Program

The Court finds that Schropp has an adequate basis to testify about the responsible carrier program ("RCP") and its adoption. He is permitted to rely on what he learned from the training course from Jerry Tinkey in rendering his opinions and rebutting the opinions of Defendant's expert, David Smith, even if it amounts to hearsay. *See In re TMI Litig.*, 193 F.3d 613, 697 (3d Cir. 1999) (explaining that Rule 703 "permits experts to rely on hearsay . . ."). In view of that, the motion is **DENIED** in this regard.

#### 5. Anecdotal Evidence of Deckhand Ages

The Court agrees with Defendant that Schropp is not qualified to offer an opinion on Plaintiff's work-life expectancy, and therefore this aspect of the motion is **GRANTED**. Be that as it may, Plaintiff is free to cross-examine Defendant's expert, Gary Skoog, as to the basis of his opinion regarding Plaintiff's work-life expectancy by asking whether he is familiar with deckhands working into their 50s and 60s.

#### 6. Credibility Determinations

Lastly, Defendant argues that Schropp is not qualified to opine as to how Plaintiff fell because he is not an accident reconstructionist. Defendant also argues that Schropp should be prohibited from offering testimony that "resolve[s] questions of witness credibility." Defendant's argument is without merit, however. As Plaintiff contends, it is essentially undisputed that Plaintiff slipped on ice under a light dusting of snow, so there is nothing improper with Schropp saying as much in his report. In any event, even if there is some dispute as to how the fall occurred, Schropp is entitled to assume one version of the facts is true when coming to his opinions. *See Richman v. Sheahan*, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006). More fundamentally, though, there is nothing wrong with Schropp testifying as to *why* the fall occurred

– i.e., what caused Plaintiff to fall. *See* Fed. R. Evid. 704. Indeed, that is why he has been called to testify by Plaintiff. Therefore, this portion of Defendant's motion must be **DENIED**.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com