# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL, <br> Plaintiff, <br><br> v. <br><br> CAMPBELL TRANSPORTATION COMPANY, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) 2:12-cv-1344 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CRITICISM OF POST-ACCIDENT INVESTIGATION AT TRIAL (ECF No. 85), and Plaintiff's response thereto (ECF No. 101). Following the accident, Defendant's safety manager, Michael Sosnak, conducted an investigation, interviewing some of Plaintiff's fellow crewmembers, along with Plaintiff himself, and taking photographs of the barge. Following his investigation, Sosnak completed a "CTC Lessons Learned" form. In the form, under the heading "What Safety Rule (if any) was not followed," Sosnak answered, "RCP C-9 (WW) Pay attention. Be alert to everything & everyone as you perform your task." Moreover, under the heading "Corrective or Property Procedures (Lessons Learned)," Sosank wrote, "[i]n emergencies, sprinkle sand, calcium chloride or coal on any slippery spots on the decks of vessels or barges. Upon request, each employee will be issued a pair or 'Jordan David' non-slip overshoes. Please review winter operations awareness program RCP C-72/73." Throughout this litigation, Plaintiff has taken issue with the quality of Sosnak's investigation of the accident. To that end, Plaintiff's liability expert, Samuel Schropp, criticized the quality of the investigation in his report, claiming that the investigation was "inaccurate and incomplete" and led to the preparation of an ineffective "Lessons Learned" about the incident.

1

In this motion, Defendant argues that any evidence or testimony related to the quality of Defendant's post-accident investigation is irrelevant and, even if relevant, should nonetheless be excluded under Rule 403. Plaintiff responds that

> Sosnak's testimony concerning his investigation of Newill's accident, and the conclusions he reached in this investigation, are directly inconsistent with the positions CTC has taken in its pleadings and in discovery, and which it will presumably be taking at trial. Accordingly, Sosnak's investigation, including but not limited to the "Lessons Learned" form he completed on Newill's accident, is acutely relevant to Newill's claims and to CTC's defenses under Fed. R. Evid. 401 and 402.

Pl.'s Resp. at 6, ECF No. 101.

The Court finds that, in general, evidence and argument related to the allegedly faulty post-accident investigation is irrelevant, and, therefore inadmissible. *See Johnson v. ASK Trucking, LLC*, No. 09-4058, 2011 WL 1114247, at *8 (C.D. Ill. Mar. 25, 2011) ("[I]n the absence of any possible causal link between the accident and this failure, the evidence is irrelevant and will not be allowed."); *Pearson v. Illinois Cent. R.R.*, No. 06-CV-0822-DRH, 2008 WL 905915, at *4 (S.D. Ill. Mar. 28, 2008) (barring any reference to the quality of a post-accident investigation because "[t]his type of evidence is improper, irrelevant and misleading as to the relevant issues in the case"). That is not to say, however, that Plaintiff cannot argue at trial that the validity of Defendant's contributory negligence defense – more specifically, its claim that Plaintiff should have worn "Jordan Davis" grips on the date in question – is undermined by Sosnak's testimony about the ineffectiveness of those grips. Also, to the extent that Defendant argues at trial that Plaintiff failed to adhere to protocols set forth in the Winter Awareness Program, Plaintiff is free to rebut that claim by arguing that the safety meetings at which that program were supposed to be addressed were held in a perfunctory and ineffective manner. In the Court's view, though, these issues are entirely separate from the quality of the investigation

or Sosnak's competence as an investigator, which have no bearing on Plaintiff's claims in this case. Therefore, Defendant's motion is **GRANTED**, insofar as it seeks to preclude Plaintiff from challenging the manner in which the post-accident investigation was conducted.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com