IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL,<br>Plaintiff,<br><br>v.<br><br>CAMPBELL TRANSPORTATION COMPANY, INC.,<br>Defendant. | )<br>)<br>)<br>)  2:12-cv-1344<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Now pending before the Court are DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF UNITED STATES COAST GUARD PHOTOGRAPHS INTO EVIDENCE (ECF No. 86) and PLAINTIFF'S MOTION IN LIMINE TO ESTABLISH ADMISSIBILITY OF THE NINE U.S. COAST GUARD PHOTOS (ECF No. 87). Responses have also been filed (ECF Nos. 95 and 98). Accordingly, the motions are ripe for disposition.

First, some background. Following Plaintiff's fall, Defendant reported the incident to the Coast Guard as required by 46 U.S.C. § 6101. The Coast Guard then launched a preliminary investigation of the incident. According to the Coast Guard's Marine Safety Manual,

> Preliminary Investigations are initial investigative efforts undertaken to ascertain whether a report is genuine, how severe the incident is or will become, whether the Coast Guard has jurisdiction, whether other agencies or offices must be notified, and what level of Coast Guard investigative effort is necessary. As such, preliminary investigations have no jurisdictional boundaries until they are complete. Once a preliminary investigation verifies the above information, the cognizant investigative authority assigns the case for investigation as a data collection activity, informal investigation, or formal investigation, depending on the severity and value to marine safety.

Def.'s Mot. Ex. A at A5-2 – A5-3, ECF No. 86.

After Coast Guard personnel arrived on the scene, they obtained copies of Defendant's Personal Injury Report and the Report of Marine Accident, Injury or Death (Form 2692)

1

completed by a CTC representative after the incident. At some point, the nine photographs that are the subject of these motions were also taken, though, as explained in the Coast Guard's responses to the parties' joint interrogatories, the Marine Casualty Investigator has no recollection as to who took the photographs or the precise time at which they were taken. The Coast Guard's preliminary investigation determined that the fall was neither a "Serious Marine Incident" nor a "Major Marine Casualty," so the investigation ended at the preliminary level. No "Report of Investigation" was created.[1] The result of the Coast Guard's preliminary investigation

---

1.       46 U.S.C. § 6305, entitled "Reports of investigations," provides:

> (a) The Secretary shall prescribe regulations about the form and manner of reports of investigations conducted under this part.
> (b) Reports of investigations conducted under this part shall be made available to the public. This subsection does not require the release of information described by section 552(b) of title 5 or protected from disclosure by another law of the United States.

The Coast Guard's implementing regulation, 46 C.F.R. § 4.07-10, further explains:

> (a) At the conclusion of the investigation the investigating officer shall submit to the Commandant via the Officer in Charge, Marine Inspection, and the District Commander, a full and complete report of the facts as determined by his investigation, together with his opinions and recommendations in the premises. The Officer in Charge, Marine Inspection, and the District Commander shall forward the investigating officer's report to the Commandant with an endorsement stating:
>     (1) Approval or otherwise of the findings of fact, conclusions and recommendations;
>     (2) Any action taken with respect to the recommendations;
>     (3) Whether or not any action has been or will be taken under part 5 of this subchapter to suspend or revoke credentials; and,
>     (4) Whether or not violations of laws or regulations relating to vessels have been reported on Form CG-2636, report of violation of navigation laws.
> (b) At the conclusion of the investigation, the investigating officer shall submit the report described in paragraph (a) of this section, to the Commandant via the Merchant Marine Detail Officer or the Officer in Charge, Marine Inspection, and the Commander, Coast Guard MIO Europe for a European port or Commander, Fourteenth Coast Guard for an Asian or Pacific port. The Merchant Marine Detail Officer or the Officer in Charge, Marine Inspection, and Commander, Coast

was noted on the Form 2692, which Plaintiff received from the Coast Guard via a Freedom of Information Act request.

The parties vigorously dispute whether the photographs taken by the Coast Guard are admissible under 46 U.S.C. § 6308(a). That statute, entitled "Information barred in legal proceedings," provides:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title . . . including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings.

46 U.S.C. § 6308(a). Defendant's position is that § 6308(a) bars the admission of "all parts of Coast Guard investigations," including photographs, regardless of whether a "report of investigation" was ever created. Plaintiff, on the other hand, urges the Court to hold that the photographs are admissible because they are not part of a "report of a marine casualty investigation," nor could they be since no report was ever created as the investigation never passed the preliminary level. Adopting Defendant's argument, Plaintiff contends, would effectively read the term "report" out of the statute.

While it is beyond dispute that "the Coast Guard's [actual investigative] *report* is protected from discovery and is inadmissible as evidence," *Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1245 (S.D. Fla. 2012) (emphasis added), there is a dearth of authority addressing the specific question raised by the parties' motions – i.e., whether the statutory prohibition in § 6308(a) applies even though no "report of a marine casualty investigation" has been created because the investigation never moves past the preliminary level. When addressing situations

---

Guard MIO Europe or Commander, Fourteenth Coast Guard District shall forward the investigating officer's report to the Commandant with the endorsement described in paragraphs (a) (1) through (4) of this section.

where litigants have attempted to introduce certain parts of a report that might seem to fall outside the statutory language, "[s]ome courts have read the statute expansively, and determined that any part of report, regardless of whether it entailed 'findings of fact, opinions, recommendations, deliberations, or conclusions' is rendered inadmissible [by § 6308(a)]." *Goodwin v. Cockrell*, No. 4:13-CV-199-F, 2014 WL 6630105, at *2 (E.D.N.C. Nov. 21, 2014) (citing *In re Eternity Shipping, Ltd.*, 444 F. Supp. 2d 347, 363 (D. Md. 2006) (transcript attached to report); *Falconer v. Penn Maritime, Inc.*, 397 F. Supp. 2d 68, 70 (D. Me. 2005) (report, photographs, and notes of investigator); *In re Complaint of Crosby Tugs, LLC*, No. CIV. A. 021125C/W, 2004 WL 5482859, at *1–2 (E.D. La. Aug. 16, 2005) (measurement taken by Coast Guard and referenced in report); *In re Am. Milling Co.*, 270 F. Supp. 2d 1068, 1075–75 (E. D. Mo. 2003) (transcript of a Coast Guard investigatory hearing)).

"Other courts have taken a more narrow view of the statute." *Id.* At least one court, for example, has held that photographs taken by a Coast Guard investigator do not come within the ambit of § 6308. *In re Danos & Curole Marine Contractors, Inc.*, 278 F. Supp. 2d 783, 785 (E.D. La. 2003). In reaching that decision, the court recognized that the "list provided in 46 U.S.C. § 6308(a) is illustrative and not exclusive," but it declined to apply the statute expansively. *Id.* As the court reasoned, "the photographs do not provide findings of fact, opinions, recommendations, deliberations, nor conclusions, instead, they merely illustrate the condition of the objects depicted in the photos[.]" *Id.* Thus, in the court's view, they were not "the type of conclusory items which the statute seeks to exclude." *Id.*; *but see Falconer*, 397 F. Supp. 2d at 70 (disagreeing with this court's approach and holding that photographs attached to the Coast Guard's report are not admissible).

Similarly, a district court in the Southern District of Florida has held that § 6308(a) does

not cover materials that the defendant, itself, produced to the Coast Guard as part of the Coast Guard's investigation. *Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1243–47 (S.D. Fla. 2012). The defendant in *Carnival* advocated for a broad reading of the statute, arguing, much like Defendant here, "that anything and everything relating to the Coast Guard's investigation is off limits pursuant to this statute," but the court refused to accept this intepretation. *Id.* at 1245-46. "[S]imply because . . . § 6308 is 'expansive' in its protections, this does not translate to a broad prohibition as to the discovery or admissibility of any and all documents or materials pertaining in any way to the Coast Guard's investigation." *Id.* at 1246. As the court explained, according to the Coast Guard's own regulations, investigations of marine casualties are designed to promote safety, "'and are not intended to fix civil or criminal liability.'" *Id.* at 1246 (quoting 46 C.F.R. § 4.07–1(b)). When § 6308 is "read together" with the implementing regulations, the court reasoned, it "is clear that the scope of the statutory protection is limited to the Coast Guard's investigative report, and anything included within that report, in order to avoid having the Coast Guard's investigative report and its conclusions influence the litigation process." *Id.* at 1244–45. By contrast, the court held, a litigant's own documents were not made undiscoverable and inadmissible simply because they were given to the Coast Guard in furtherance of its investigation. *Id.* at 1246.

As already noted, none of these cases are directly on point, inasmuch as they each involved situations where an actual report existed. Be that as it may, this Court is persuaded that *In re Danos* and *Carnival* – and their narrower interpretations of the statute – represent the better view, and are instructive in resolving the instant dispute. By its plain terms, the statute extends only to the "report of a marine casualty investigation conducted under section 6301 of this title . . . including findings of fact, opinions, recommendations, deliberations, or conclusions." 46

5

U.S.C. § 6308(a). The Coast Guard's investigation of Plaintiff's accident never passed the preliminary level. No report was made; nor were any "[f]indings, opinions, recommendations, deliberations, or conclusions" reached (except insofar as the Coast Guard determined that the accident did not rise to the level of a reportable incident). It is, thus, as though the photographs were just like any other document in the possession of the Coast Guard, which may or may not be admissible in a civil case depending on the general principles of evidence. *Stepski v. M/V NORASIA ALYA*, No. 7:06-CV-01694, 2010 WL 6501649, at *5 (S.D.N.Y. Jan. 14, 2010) (finding that neither a Coast Guard press release related to a marine casualty nor a message sent out by the Coast Guard cancelling a search were inadmissible as "[n]either document was prepared as part of an investigation report"). True, the photographs were taken as part of the Coast Guard's preliminary investigation. However, even if the statute could be read to cover that level of the Coast's Guard's investigation, the Court does not view the photographs as the type of materials the statute was designed to address. In contrast to the items listed in the statute, the admission of these photographs does not run the risk of embroiling the Coast Guard in this litigation any more than is deemed permissible under § 6308(b) – which allows Coast Guard investigators to testify as to factual matters with the permission of the Secretary. Also, unlike the items listed in the statute, these photographs cannot be construed as "fixing" Defendant's liability because they do not contain any findings, conclusions or the like. "[T]hey merely illustrate the condition of the objects depicted in the photos[.]" *In re Danos & Curole Marine Contractors, Inc.*, 278 F. Supp. 2d at 785. Accordingly, although this is a close call, the Court finds that § 6308(a) is not a bar to the admissibility of the photographs.

Two questions remain, however. Not only does Defendant argued that the photographs are inadmissible under § 6308(a), but it also contends that (1) they cannot be properly

authenticated because it is not clear when they were taken, and (2) they will confuse the jury and should therefore be excluded under Rule 403. The Court disagrees on both counts, though it will leave the ultimate question of admissibility to be resolved at trial.

First, Plaintiff *may* be able to authenticate the photographs at trial. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Photographs have been authenticated for decades under Rule 901(b)(1) by the testimony of a witness familiar with the scene depicted in the photograph who testifies that the photograph fairly and accurately represents the scene." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 561 (D. Md. 2007). Importantly, "[t]he authenticating witness need not be the photographer." 5 Federal Evidence § 9:23 (4th ed.). Thus, as long as one of Plaintiff's witnesses can testify that the photographs "fairly and accurately represent[] the scene" at the time of his fall, the photographs can be authenticated. As for Defendant's claim that there is a "serious question" as to when the photographs were taken, that is not dispositive as long as there is testimony establishing that the photographs depict the scene at the time of the accident. Moreover, "[e]ven if the conditions have changed, the photograph may still be admitted at the discretion of the court if the changes are explained and the jury will not be misled." 5 Federal Evidence § 9:23.

Second, there is no basis for excluding the photographs under Rule 403. In order for the Court to exclude evidence under Rule 403, it must find that the probative value of the evidence "is *substantially outweighed* by a danger of," among other things, "misleading the jury." Fed. R. Evid. 403. Here, the photographs are highly probative of the conditions on the barge at or around the time of Plaintiff's fall. On the other hand, the Court strains to see how the photographs could

mislead the jury. Any confusion about whether the cord whose outline is depicted in the ice in the photographs was on the barge at the time of the accident can be resolved during the examination of the witnesses testifying as to the condition of the barge at the time.

In sum, the Court concludes that the photographs are not inadmissible under 46 U.S.C. § 6308(a) as they are not part of a "report of a marine casualty investigation." If Plaintiff is able to offer witness testimony properly authenticating the photographs, they may be admitted at trial. Defendant's motion is, therefore, **DENIED**, and a ruling on Plaintiff's motion to establish the admissibility of the photographs is **DEFERRED UNTIL TRIAL**, at which time Plaintiff can seek to properly authenticate them through witness testimony.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com