IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JAMES NEWILL,<br>Plaintiff,<br><br>v.<br><br>CAMPBELL TRANSPORTATION COMPANY, INC.,<br>Defendant. | 2:12-cv-1344 |

**<u>MEMORANDUM ORDER</u>**

Now pending before the Court PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY FROM DEFENDANT'S LIABILITY EXPERT, DAVID K. SMITH (ECF No. 89), and Defendant's response thereto (ECF No. 94). Plaintiff seeks to prevent Smith from offering testimony regarding: (1) whether there are facilities on the Upper Ohio and Monongahela Rivers incapable of loading and unloading jumbo barges; (2) whether the vessel was seaworthy; (3) the differences between the photographs taken by Michael Sosnak and the Coast Guard; and (4) alleged "credibility determinations" of certain witnesses.

**1. Testimony on the Use of Jumbo Barges on the Monongahela River**

According to Smith's report, 26-foot-wide barges are common on the Upper Ohio and Monongahela Rivers. "A prime reason" for this, Smith explained, "is that there are facilitys [*sic*] in that particular area that are configured so that only the 26' wide barge can be loaded and/or off-loaded there. Jumbos cannot be used at these facilities." Smith's Export Rep. at 4, ECF No. 89-1. Plaintiff argues that because Smith could not actually identify such facilities during his deposition,[1] he should be precluded from offering testimony on this point at trial. The Court shares Plaintiff's concerns. If there is no factual basis whatsoever for Smith's testimony about

---

1. The Court notes that Smith did actually identify one such facility, the Union Rail dock.

1

these facilities, he should not be allowed to offer this testimony at trial. While he need not have personal knowledge about the facilities, his opinion must be based on more than a hunch – even if his expertise is based solely on his experience in the field. "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702, Advisory Committee's Notes (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)). However, if, as Defendant argues, testimony and evidence regarding these facilities and their ability to load/off-load stumbo barges is adduced from other witnesses at trial, Smith may rely on that testimony and evidence in rendering his opinions. *See* Fed. R. Evid. 703, Advisory Committee's Notes (noting that an expert may rely on facts or data presented at trial). Therefore, the Court will defer ruling on this aspect of the motion until it observes how the testimony develops at trial.

### 2. Testimony Regarding Seaworthiness of the Barge

At various points throughout his report, Smith opines that the CBL-7810 was a "seaworthy vessel." Plaintiff contends that this testimony constitutes a legal conclusion and, as such, impermissibly invades the province of the jury. Defendant contends, however, that Smith was not using the term in its legal sense, but was rather using the accepted, common definition of the term. "While Rule 704 allows experts to provide an opinion about the 'ultimate issue' in a case, it prohibits experts from opining about the ultimate legal conclusion or about the law or legal standards." *Patrick v. Moorman*, 536 F. App'x 255, 258 (3d Cir. 2013) (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *United States v. Leo*, 941 F.2d 181, 196–97 (3d Cir. 1991)) (explaining that opinion as to whether officer acted "reasonably" in § 1983 case was properly excluded by the trial court as a legal conclusion). "The most common reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness." 4

*Weinstein's Federal Evidence* § 704.04. Also, "[s]uch testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley*, 455 F.3d at 217.

This rule is easy enough to recite, but, in practice, its "boundaries . . . are often hazy." *Patrick*, 536 F. App'x at 258. The Fourth Circuit Court of Appeals has offered some helpful guidance, instructing that "[t]he best way to determine whether opinion testimony contains legal conclusions, 'is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'" *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (quoting *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). Consequently, the Court must ask first "whether the testimony "tracks the language of the legal principle at issue or of the applicable statute, and second, whether any terms employed have specialized legal meaning." *Id.* (citing *Torres*, 758 F.2d at 151.

In this case, Smith's opinion unquestionably tracks the language of one of the legal principles at issue in this case – whether the vessel was seaworthy. Furthermore, as Defendant effectively concedes, the term seaworthy has a specialized meaning under general maritime law distinct from its everyday definition. *See Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960) (explaining that a vessel is seaworthy if it is "reasonably fit for [its] intended us."). Accordingly, the Court finds that Smith may not use the term seaworthy when testifying as to his opinions in this case, as it crosses the line into an impermissible legal conclusion. *See Thalji v. TECO Barge Line*, No. 5:05CV-226-R, 2007 WL 7702719, at *2 (W.D. Ky. July 13, 2007) (prohibiting expert witness from testifying that "[t]he crew [of a ship] was provided with a reasonably safe and seaworthy place to work" since this constitutes a legal conclusion). This aspect of Plaintiff's motion is, thus, **GRANTED**. The Court notes, however, that information on

the issue of seaworthiness could be elicited from Smith at trial through carefully worded questions that do not mimic the relevant legal principles and, thus, do not call for legal conclusions. *See, e.g.*, *Torres*, 758 F.2d at 151 (explaining that instead of asking whether an employer "discriminated" against the defendant, counsel could have asked whether the expert felt that the plaintiff's national origin "motivated the hiring decision"). That would not run afoul of the Rules, as experts are permitted to testify as to factual matters related to the ultimate issue in the case. *See* Fed. R. Evid. 704.

### 3. Testimony Regarding Coast Guard Photographs

Plaintiff moves to prevent Smith from offering any testimony at trial about when the Coast Guard photographs were taken, whether they were taken before or after Sosnank's photographs, and whether they fairly and accurately depict the conditions on the barge at the time of Plaintiff's fall. Defendant, for its part, argues that Smith's statement accurately summarized the facts and testimony upon which he relied, and, thus, there is no basis for preventing him from offering this testimony. The Court agrees with Defendant. It is immaterial that Smith does not have personal knowledge of when the photographs were taken, as his testimony is consistent with the evidence and testimony in this case that Sosnak surveyed the scene prior to the Coast Guard's arrival. That evidence and testimony gives Smith a sufficient basis for his opinion under Rules 702 and 703. Thus, this aspect of Plaintiff's motion is **DENIED**.

### 4. Alleged Witness Credibility Determinations

Lastly, Plaintiff argues that some of Smith's opinions "are based entirely on his conjecture, his personal assessment of witness who[m] he knows only from their deposition testimony, or opinions which merely parrot the deposition testimony of witnesses Smith selected

4

to support his opinions[.]" In support of this argument, he cites two portions of Smith's report:

> Neither men [deckhands Woodling or Ward of the previous watch] slipped or fell during their watch, and did not feel a need to use shovels and/or brooms to clear, nor place salt or any other material on the decks of the barges to mitigate a situation they did not judge to exist . . . .d. This information above contradicts the Plaintiff.
>
> ∗∗∗
>
> The previous watch did not engage in any clearing actions because they felt none were needed. They did not experience any trips or falls and performed their duties appropriately.

Plaintiff, in turn, requests that Smith be precluded from testifying as to "speculative factual calls or witness credibility determinations." Having reviewed the cited portions of Smith's testimony, however, the Court does not find that they constitute impermissible assessments of the credibility of witnesses. "There is a critical distinction between an expert testifying that a disputed fact actually occurred or that one witness is more credible than another and an expert giving an opinion based upon factual assumptions, the validity of which are for the jury to determine. The former is manifestly improper, the latter is not." *Richman v. Sheahan*, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006). The challenged portions of Smith's report fall squarely in the latter category. He is permitted to assume that the conditions on the barge were as described in the testimony of Woodling and Ward. As a result, this aspect of Plaintiff's motion is **DENIED**.

**SO ORDERED**, this 14thday of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge


cc:     **Frederick B. Goldsmith, Esquire**
        Email: fbg@golawllc.com
        **E. Richard Ogrodowski, Esquire**
        Email: ero@golawllc.com

        **Dennis A. Watson, Esquire**

5

Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com