# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS JAMES NEWILL, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-cv-1344 |
| CAMPBELL TRANSPORTATION COMPANY, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Now pending before the Court is PLAINTIFF'S MOTION IN LIMINE ON MISCELLANEOUS MATTERS (ECF No. 90), and Defendant's response thereto (ECF No. 96). The motion pertains to several categories of evidence. Defendant has responded that it has no intent to offer evidence related to two of these categories at trial: evidence related to Plaintiff's prior thumb injury and evidence related to Plaintiff's purportedly uncorrected vision. Accordingly, the portions of Plaintiff's motion that pertains to those issues are **DENIED AS MOOT**. The portions of Plaintiff's motion that are still in dispute will be addressed *seriatim*.

1. **Plaintiff's Facebook Posts**

First, Plaintiff seeks to preclude Defendant from introducing several of his Facebook posts into evidence, on the basis that they are irrelevant or would be unfairly prejudicial. Defendant responds that the posts are relevant to show that following the accident Plaintiff retained the ability to engage in physical activities despite his claim of injury. In particular, Defendant claims Plaintiff posted about engaging in "physically taxing activities" like painting, landscaping, flooring, going to the gym, undercoating a truck, and going physical. He also apparently advertised his services as a handyman and suggested that "no job [was] 2 big or 2 small." Furthermore, Defendant argues that the posts are relevant to the question of Plaintiff's

1

employability, which Defendant's expert, Patricia Costantini, testified would have been improved if he adopted a "sensible social medial presence." Effectively, Defendant is arguing that Plaintiff could have obtained a new job sooner had he not made posts containing "casual or rough language" on Facebook.

The Court finds that posts from Plaintiff's Facebook account "that reflect physical capabilities inconsistent with a plaintiff's claimed injury are relevant." *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 116 (E.D. N.Y. 2013 (citing *Scipione v. Advance Stores Co., Inc.,* No. 12–CV–687, 2013 WL 646405, at *1 (M.D. Fla. Feb. 21, 2013); *Davenport v. State Farm Mutual Automobile Ins. Co.*, No. 11–CV–632, 2012 WL 555759, at *2 (M.D. Fla. Feb. 21, 2012); *Offenback v. L.M. Bowman, Inc.*, No. 10–CV–1789, 2011 WL 2491371, at *1 (M.D. Pa. June 22, 2011)). While the Court understands that Plaintiff may be embarrassed by the content of some of his posts, that alone is not a sufficient basis for excluding the posts under Rule 403. If, at trial, Defendant attempts to introduce a particular Facebook post that Plaintiff feels is unduly embarrassing, the issue of the admissibility can be re-raised at that time and the Court reserves the discretion to exclude it pursuant to Fed. R. Evid. 611 (granting the court discretion to bar harassment and undue embarrassment of a witness).

As to Defendant's second argument, the Court is not convinced that Costantini should be permitted testify about Plaintiff's inane postings on Facebook when discussing the issue of his employability. To be sure, potential employers do often consider an applicant's Facebook account when making a hiring decision. But Costantini's testimony that Plaintiff's Facebook account "*probably* is not giving the employers a good impression" is nothing more than speculation. There is nothing in the record actually linking his Facebook posts to his inability to obtain new employment until recently or suggesting that the types of jobs for which Plaintiff was

2

qualified would be harder to obtain because of his Facebook posts. Without such a link having been established, Costantini has no basis to offer an opinion on these matters.

In sum, Plaintiff's motion is **DENIED** insofar as it seeks to prevent Defendant from introducing Facebook posts that tend to contradict his claimed damages, but **GRANTED** insofar as Costantini will not be permitted to rely on Plaintiff's Facebook posts in assessing his employability.

### 2. Testimony Regarding Prior Incident and Abilities as a Deckhand

Second, Newill seeks to prevent his former fellow deckhand, Jason Woodling, from testifying to certain matters. To wit, Woodling testified at his deposition about a prior accident involving Plaintiff. Woodling also testified that Plaintiff "knew too much," which may have caused him "to not pay attention to certain things," get careless, and "cut[] corners." According to Plaintiff, all of this testimony is inadmissible under Rule 404. The Court agrees. The testimony that Plaintiff "knew too much" and, thus, got careless in his job is precisely the type of character evidence rendered inadmissible by Rule 404(a). That is, the jury could be led to believe that because Plaintiff was careless in the past, he must have been acting carelessly on the date in question. Likewise, Rule 404(b) bars the use of other-act evidence, such as the Plaintiff's prior accident, "to show that on a particular occasion the person acted in accordance with the character."

Attempting to get around the clear proscription in Rule 404, Defendant argues that the challenged testimony is admissible as rebuttal evidence because Plaintiff's liability expert, Samual Schropp, opined in his report that Plaintiff "has a reputation as a truthful man and safe worker" and "was an above average to outstanding deckhand." Not so. First of all, should Schropp attempt to offer testimony along the lines of the above-quoted portions of his report, the

3

Court will not allow it for the same reasons that Woodling will not be permitted to testify on these matters. It is propensity evidence, plain and simple.[1] Defendant's argument seems to suggest that door-opening is contemplated under the Rules – that Plaintiff can admit evidence of his good character and then Defendant can rebut that with evidence of his bad character. While Rule 404(a)(2)(A) allows a defendant in a *criminal case* to offer character evidence as to a pertinent trait and thereby open the door for rebuttal evidence by the prosecution, this rule has no application in civil cases. *See* Fed. R. Evid. 404, Advisory Committee's Notes to (rejecting the argument that "circumstantial use of character ought to be allowed in civil cases to the same extent as in criminal cases, i.e. evidence of good (nonprejudicial) character would be admissible in the first instance, subject to rebuttal by evidence of bad character"). Thus, Defendant's argument is wholly without merit, and this portion of Plaintiff's motion is **GRANTED**.[2]

### 3. Dale Villani's Testimony

Plaintiff next challenges the admissibility of Pilot Dale Villani's testimony that Plaintiff "had a hard time just getting around," was "gimpy," and that Villani was not impressed by Plaintiff's skills as a deckhand. Defendant responds that Villani's testimony is relevant to show that Plaintiff's difficulty walking may have contributed to his fall and also to rebut the argument that he would have worked as a deckhand until retirement. Defendant also argues that the testimony about Plaintiff's skills as a deckhand is admissible to rebut Schropp's testimony on that same point. Here again, though, Defendant's arguments miss the mark. First, Villani's

---

1. The Court notes that insofar as Plaintiff takes the witness stand and his character for truthfulness is attacked, evidence of his truthful character may be admissible in the form of reputation or opinion testimony. *See* Fed. R. Evid. 608(a).

2. Defendant also cites Fed. R. Evid. 406 in support of its argument. Rule 406 deals with the admissibility of habit evidence, though, and it strains credulity to suggest that any of the challenged evidence comes within the ambit of that rule.

testimony that he saw Plaintiff have difficulty walking is propensity evidence.[3] *See Gresham v. Petro Stopping Ctrs.*, LP, No. 09–cv–34–RCJ–VPC, 2011 WL 1748569, *4 (D. Nev. April 25, 2011) (excluding "evidence of prior falls as improper character evidence insofar as the evidence is intended purely to show that Plaintiff's past negligence shows she was negligent on the relevant occasion."); *Rodrick v. Wal–Mart Stores E., LP*, No. 07–0768–CV–W–REL, 2010 WL 1994804, *2 (W.D. Mo. May 14, 2010) (excluding evidence of prior falls, in slip-and-fall case, where only reason proffered for admission of evidence was to show plaintiff's propensity to fall). Second, Villani's opinion about Plaintiff's abilities as a deckhand, which he developed after one incident several years ago that occurred while he was working with Plaintiff, is likewise not admissible under Rule 404(b), and, as the Court has already explained, there is no provision under the Rules allowing for door-opening. Plaintiff cannot admit evidence of his good reputation as a deckhand, and Defendant cannot offer evidence of Plaintiff's bad reputation as a deckhand. Thus, this aspect of Plaintiff's motion is **GRANTED**.

### 4. Woodling's Testimony Regarding Conditions on the Barge

Plaintiff contends that Woodling should be precluded from testifying about the amount of snow on the barge on the morning in question. This request is **DENIED**. To the extent that Woodling recalls what the conditions were like on the barge, he may testify as to his recollection. Plaintiff's counsel can adequately address any perceived weaknesses in Woodling's testimony on cross-examination.

### 5. Testimony, Documents, and Photographs Disclosed in Pretrial Statement

Plaintiff also seeks to prevent Defendant from introducing evidence and testimony from certain witnesses that was not disclosed until Defendant filed its pretrial statement and

---

3. As explained below, however, evidence regarding Plaintiff's prior medical history may be relevant to the issue of causation and damages.

supplemental pretrial statement. For the reasons raised in Defendant's response, the Court finds that Defendant's conduct was not improper. Furthermore, insofar as Defendant's did fail to strictly adhere to their obligations under the Federal Rules of Civil Procedure, any error on Defendant's part was harmless. Plaintiff learned of this information far enough in advance of trial to adequately prepare for handling this testimony and evidence when it is admitted. Accordingly, Plaintiff's request to exclude this evidence is **DENIED**.

### 6. Costantini's Testimony Regarding Plaintiff's Past Medical Conditions

Finally, Plaintiff seeks to prevent Costantini from testifying as to "unrelated medical issues," arguing that these medical conditions are irrelevant as there is no evidence connecting them to the accident. The Court disagrees. To the extent that Plaintiff's pre-existing medical conditions may have affected his ability to walk and could have contributed to his fall, this evidence could be relevant and an appropriate subject of cross-examination. *Boucher v. CVS/Pharmacy, Inc.*, 822 F. Supp. 2d 98, 107 (D.N.H. 2011) (concluding that evidence of plaintiff's "pre-fall medical history" was "plainly probative in evaluating whether [plaintiff] fell in the CVS parking lot due to defendants' negligence or due to a preexisting condition"); *Gresham v. Petro Stopping Centers, LP*, No. 3:09-CV-00034-RCJ, 2011 WL 1748569, at *4 (D. Nev. Apr. 25, 2011) (declining "to exclude evidence of past unrelated injuries or medical conditions" because "[i]t is entirely possible that one or more prior injuries could have contributed to causing the fall at issue"). It will be up to the jury to decide how much of a role – if any – those medical conditions played in causing the accident. Moreover, as Defendant argues, Plaintiff's physical condition is directly relevant to the question of his damages – more specifically whether he would have continued to work as a deckhand until retirement, as his expert opined. Accordingly, Plaintiff's motion is **DENIED** insofar as it seeks to exclude

6

testimony from Costantini regarding his pre-existing medical conditions.

**SO ORDERED**, this 14th day of January, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Frederick B. Goldsmith, Esquire**
Email: fbg@golawllc.com
**E. Richard Ogrodowski, Esquire**
Email: ero@golawllc.com

**Dennis A. Watson, Esquire**
Email: dwatson@grogangraffam.com
**Ruth M. Gunnell, Esquire**
Email: rgunnell@grogangraffam.com
**George M. Evan, Esquire**
Email: gevan@grogangraffam.com