IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JAMES NEWILL,<br>Plaintiff,<br><br>v.<br><br>CAMPBELL TRANSPORTATION COMPANY,<br>INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **2:12-cv-1344** |

## MEMORANDUM ORDER

Defendant has requested that the Court instruct the jury on the primary duty rule. *See* Def.'s Proposed Jury Instructions at 2, ECF No. 122. Plaintiff, unsurprisingly, believes that Defendant is not entitled to such an instruction because Defendant did not raise the primary duty rule as a defense earlier in the litigation and also because it is inapplicable to the facts of this case. *See* Pl.'s Proposed Jury Instructions at 2, ECF No. 121. For the reasons that follow, the Court agrees with Plaintiff. The requested instruction will not be given; nor will the verdict slip include such language.[1]

The primary duty rule is an affirmative defense. *See Wilson v. Mar. Overseas Corp.*, 150 F.3d 1, 10-11 (1st Cir. 1998) (describing the primary duty rule as an affirmative defense that is analytically distinct from contributory negligence). As such, it must be raised in a defendant's answer. *See* Fed. R. Civ. P. 8(c)(1). This is necessary to "avoid surprise and undue prejudice" as it "provid[es] the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Long v. Wilson*, 393 F.3d 390, 397 (3d Cir. 2004) (internal citations and quotations marks omitted). In general, whenever a defendant fails to raise an affirmative defense in its answer, the defense is waived. *Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457

---

[1].    The Court will reserve ruling on the parties' additional requests until the charge conference at the conclusion of the trial.

1

F.3d 312, 321 (3d Cir. 2006) (quoting *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991)).

Waiver might not result, however, if the defendant "'raised the issue at a pragmatically sufficient time, and the [plaintiff] was not prejudiced in its ability to respond.'" *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1373–74 (3d Cir. 1993) (quoting *Charpentier*, 937 F.2d at 864). In this case, Defendant did not raise the primary duty rule in either of its answers. At the same time, Plaintiff does not appear to have been prejudiced by this failure. Defendant's position throughout this litigation has been that Plaintiff should have cleared the snow and ice off the deck, himself, and his failure to do so caused his injury. Thus, it was at least foreseeable to Plaintiff that the primary duty rule would become an issue, even though Defendant never couched its defense in those precise terms.

The Court need not decide whether the primary duty rule defense was waived, however. Even if Defendant has not waived this defense, the Court would still be disinclined to give the requested instruction. The primary duty rule was first articulated by Judge Learned Hand in *Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772, 773 (2d Cir. 1952). In *Walker*, the court held that where a plaintiff breaches a duty that he owes to his employer, he is prohibited from recovering from his employer. *Id.* In reaching that decision, the court distinguished between an employee's duty to exercise ordinary prudence for his own protection, which is imposed on everyone by the law, and an employee's affirmative duty to his employer, which is "consciously assumed as a term of his employment." *Id.* The court held that when the employee breaches the latter duty, recovery is completely barred. *Id.* As the Second Circuit explained in a later decision, *Walker* did not turn "upon any question of 'proximate cause,' 'assumption of risk' of 'contributory negligence,' but rather upon the employer's independent right to recover against the employee for the non-performance of a duty resulting in damage to the employer, which in effect offsets

the employee's right to recover against the employer for failure to provide a safe place to work." *Dixon v. U.S.*, 219 F.2d 10, 16-17 (2d Cir. 1955).

The Third Circuit Court of Appeals has never adopted the primary duty rule (or even discussed it in passing). Outside of this circuit, the rule has come under considerable criticism – even in the Second Circuit, where, just years after *Walker*, two judges on a three-judge panel wrote that they would have rejected the rule outright and the third judge found it to be inapplicable to the facts of the case. *See Dunbar v. Henry DuBois' Sons Co.*, 275 F.2d 304, 306 (2d Cir.1960); *see also McSpirit v. Great Lakes Int'l*, 882 F. Supp. 1430, 1432 (S.D.N.Y. 1995); *Juliussen v. Buchanan Marine, L.P.*, No. CIV.A.08CIV.1463 DCP, 2010 WL 86936, at *12 (S.D.N.Y. Jan. 7, 2010). As one leading commentator has explained, "by barring recovery altogether, the [primary duty rule] is inconsistent with the abolition of assumption of risk and the application of comparative negligence in Jones Act and unseaworthiness cases." 1 Thomas J. Schoenbaum, *Admiralty & Mar. Law* § 6-24 (5th ed.).

Nevertheless, several courts continue to recognize – or at least do lip service to – the rule in some form, though they have considerably narrowed its scope. *See Bernard v. Maersk Lines, Ltd.*, 22 F.3d 903, 907 (9th Cir. 1994) (noting that "[t]he rule is in tension with the more general admiralty principle that contributory negligence [does not] bar a seaman's recovery" so "courts have cabined the [rule's] reach"). A number of these courts, for example, have determined that the rule applies only if the plaintiff is a ship's captain or an officer. *See, e.g.*, *Acosta v. Aleutian Spray Fisheries, Inc.*, No. C08-1139RSM, 2009 WL 1916070, at *2 (W.D. Wash. July 2, 2009); *Long v. U.S.*, 339 F. Supp. 2d 729, 734 (E.D. Va. 2004) (citing *Mason v. Lynch Bros. Co.*, 228 F.2d 709 (4th Cir. 1956)); *Cameron v. United States*, 135 F. Supp. 2d 775, 778 (S.D. Tex. 2001); *Creppel v. Am. Tugs, Inc.*, 668 So. 2d 374, 376 (La. Ct. App. 1996); *see also* 2 Martin Norris &

Robert Force, *Law of Seamen* § 30:43 (5th ed.); Schoenbaum, *supra*, at § 6-24. This view finds

support in *Walker*, itself, where the plaintiff was a boat's captain, who had broad supervisory

responsibilities to ensure the boat's safety. 193 F.2d at 773.

Other courts – including the First, Fifth, Sixth, Seventh Circuits – have held that the

primary duty rule applies only when the plaintiff's damages are *solely caused* by a breach of his

employment duty; if the defendant shares any fault, recovery is not barred. *See, e.g.*, *Wilson*, 150

F.3d at 11 (holding that "a ship's officer may not recover against his employer for negligence or

unseaworthiness when there is no other cause of the officer's injuries other than the officer's

breach of his consciously assumed duty to maintain safe conditions aboard the vessel");

*Gautreaux v. Scurlock Marine, Inc.*, 84 F.3d 776, 782 (5th Cir. 1996), *opinion reinstated in part*

*on reh'g*, 107 F.3d 331 (5th Cir. 1997) (explaining that a plaintiff "should be barred from

recovery if his negligent conduct alone caused his injury, and his employer was completely free

from fault."); *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 909-10 (6th Cir. 2006)

(quoting *Wilson* and concluding that the "'rule does not bar recovery where the plaintiff breached

his duty but the ship's owner was also independently at fault'"); *Kelley v. Sun Transp. Co.*, 900

F.2d 1027, 1031 (7th Cir. 1990) (holding that "[i]f [an officer's] negligence is the sole cause of

the injury, the employer's non-negligence bars recovery"). As one district court has astutely

observed, whenever the rule is applied in this manner, it effectively

> does the same analytic work as the test for negligence. Either stated as a special
> rule or stated as part of the Jones Act negligence test, at the heart of every action
> under the Jones Act there has to be at least a small amount of negligence on the
> part of someone other than the injured person.

*Long*, 339 F. Supp. 2d at 734. In other words, if the plaintiff establishes that the defendant was

negligent and that the defendant's negligence was a cause, however slight, of his injury, "the

plaintiff also defeats the primary duty rule as articulated in [these circuits]." *Id.* The primary duty

rule instruction, thus, becomes superfluous.

The Ninth Circuit, which has perhaps given the most consideration to the rule over the years, has adopted its own special set of "limiting principles":

> [f]irst, the "primary duty" rule will not bar a claim of injury arising from the breach of a duty that the plaintiff did not consciously assume as a term of his employment. Second, the rule does not apply where a seaman is injured by a dangerous condition that he did not create and, in the proper exercise of his employment duties, could not have controlled or eliminated. Third, the rule applies only to a knowing violation of a duty consciously assumed as a term of employment. It does not apply to a momentary lapse of care by an otherwise careful seaman.

*Bernard*, 22 F.3d at 907. Moreover, in the Ninth Circuit, "[i]n order for the primary duty rule to apply, the employee must have failed to perform a specific, positive duty for which he had *primary responsibility*." *N. Queen Inc. v. Kinnear*, 298 F.3d 1090, 1096 (9th Cir. 2002) (internal quotation marks omitted) (emphasis added).

Against this backdrop, this Court will join the chorus in concluding that the primary duty rule is on its last legs, if not completely obsolete already. As a growing number of courts have recognized, the best reasoned approach is to do away with the label and simply apply the traditional concepts of comparative fault. "[W]here the [plaintiff] is wholly responsible for his injury, recovery should be barred; if the employer shares in the fault, the plaintiff should recover in proportion to this share." Schoenbaum, *supra*, at § 6-24. Furthermore, even under the other permutations of the rule discussed above, the Court finds that a primary duty rule is not implicated by the facts of this case. As already noted, there is a trend in the case law to limit the rule to officers with broad safety responsibilities, which Plaintiff clearly is not. Plaintiff also falls outside of the Ninth Circuit's statement of the rule since, *inter alia*, it does not appear that he had assumed the *primary* responsibility for clearing the decks of snow and ice and he did not create the condition or conditions which allegedly caused his injury. Consequently, even if Defendant

has not waived the primary duty defense, Defendant's request for a primary duty rule instruction

is **DENIED**. It will be sufficient to instruct the jury on the general principles of negligence and

unseaworthiness, along with comparative fault.

   **SO ORDERED**, this 23rd day of January, 2015.

             BY THE COURT:

             s/Terrence F. McVerry
             Senior United States District Judge


cc:  **Frederick B. Goldsmith, Esquire**
   Email: fbg@golawllc.com
   **E. Richard Ogrodowski, Esquire**
   Email: ero@golawllc.com

   **Dennis A. Watson, Esquire**
   Email: dwatson@grogangraffam.com
   **Ruth M. Gunnell, Esquire**
   Email: rgunnell@grogangraffam.com
   **George M. Evan, Esquire**
   Email: gevan@grogangraffam.com